had been instituted before the mortgagor's death and jurisdiction of the mortgaged property had been thus taken by a federal court before the jurisdiction of the State probate court attached at all. The federal court could, according to its own rules, make the personal representative a party, as was done here, and proceed with its foreclosure. Compare Wilson v. Alliance Life Ins. Co., 5 Cir., 108 F.2d 150. In the present case no judgment has been made or is proposed against the general assets of McCulloch's estate. The decree of foreclosure need not be certified to the probate court as was done in the case just cited, because the Florida statute expressly says it need not be. Comp.Gen.Laws Supp. § 5541(95).

No error appearing, the judgment is affirmed.

John H. Benckenstein and H. C. Keen, both of Beaumont, Tex., for appellant.

Charles A. McCoy and Alvin O. King, both of Lake Charles, La., and Sumter D. Marks, Jr., of New Orleans, La., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

On further consideration of the motion of appellee to dismiss the appeal we are of opinion that there is no such apparent merit in the appeal as for us to waive the rule of the Court requiring printing of the record.

The motion to dismiss is sustained.

## RICHARDSON v. METROPOLITAN LIFE INS. CO. et al.

### No. 9357.

Circuit Court of Appeals, Fifth Circuit.

Jan. 29, 1940.

27 C.C.P.A.(Patents)

### WILLIAM S. MERRELL CO. v. ANACIN CO.

### Patent Appeal No. 4133.

Court of Customs and Patent Appeals.

Feb. 5, 1940.

